

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-61,939-01 and WR-61,939-02

### IN RE DAVID DOW, Movant

### ON MOTION FOR LEAVE TO FILE AND EMERGENCY MOTION TO STAY ENFORCEMENT OF CONTEMPT ORDER ISSUED IN HABEAS APPLICANT PAREDES'S CASE FROM CAUSE NO. 2000-CR-6067B IN THE 399TH JUDICIAL DISTRICT COURT BEXAR COUNTY

### NO. WR-62,099-03

### IN RE ROBERT LYNN PRUETT, Petitioner

### ON COUNSEL'S MOTION FOR LEAVE TO APPEAR AND FILE A MOTION FOR LEAVE TO FILE A PETITION FOR WRIT OF PROHIBITION AND A PETITION FOR WRIT OF PROHIBITION IN PETITIONER PRUETT'S CASE FROM CAUSE NO. B-01-M015-0-PR-B IN THE 156TH JUDICIAL DISTRICT COURT BEE COUNTY

*Per curiam*. ALCALA, J., filed a concurring and dissenting statement.

**MEYERS, J., dissents to granting Dow leave to appear in the Pruett case. NEWELL, J., dissents to the denial of the emergency motion to stay enforcement.**

**O R D E R**

We have before this Court a "Motion for Leave to File and Emergency Motion to Stay Enforcement" and a "Motion for Leave to File Petition for Writ of Prohibition." We will deny the motion to stay enforcement, but we will grant Dow leave to appear in the Pruett case. Further, we will file the Petition for Writ of Prohibition attached to the latter motion that Dow presents on Pruett's behalf. And, we will allow Dow additional time to file a motion for leave to file as required by Texas Rule of Appellate Procedure 72.1.

Miguel Angel Paredes was set for execution on Tuesday, October 28, 2014. On October 21, 2014, movant and Paredes's counsel, David Dow, filed four pleadings: a subsequent application, a motion to stay Paredes's execution that was associated with that subsequent application, a suggestion that we *sua sponte* reconsider our denial of relief in applicant's initial writ, and a second motion to stay his execution associated with that pleading. *See Ex parte Paredes*, No. WR-61,939-01 (Tex. Crim. App. Aug. 31, 2005)(not designated for publication) and No. WR-61,939-02 (Tex. Crim. App. Oct. 23, 2014)(not designated for publication). The Court considered the pleadings and ruled on each. However, because the pleadings were filed within the seven day period preceding the scheduled execution, those pleadings were untimely filed under this Court's Miscellaneous Rule 11-003 and subjected counsel to sanctions by this Court.

Before taking any action pursuant to Miscellaneous Rule 11-003, this Court

ordered Dow to appear to offer further explanation and address questions from the Court about the matter. After hearing from Dow and considering the record in the case, we determined that Dow had failed to show good cause for the untimely filings and found him to be in contempt of this Court.

After taking into account Dow's prior violation of this Court's predecessor rule, and our ruling in that case admonishing Dow that another violation could result in his suspension from practicing before this Court, we suspended Dow from practicing before this Court for a period of one year. We also ordered Dow to provide the Court with a list of cases on which he was counsel of record as of the day of his sanction, which cases were either pending before this Court or were filed in the trial courts and were returnable to this Court. Finally, we held that, before Dow could take further action in this Court during the suspension period on the cases on which he was currently appointed, he would be required to file a motion for leave to file or appear. *See In re Dow and Newberry*, Nos. WR-61,939-01 and -02 (Tex. Crim. App. Jan. 14, 2015)(not designated for publication). On January 30, 2015, counsel for Dow filed a motion for rehearing, a motion to substitute the attorney of record, and a motion requesting oral argument. We denied the motion for rehearing and the motion for oral argument, but granted the motion to substitute the attorney of record. *See In re Dow and Newberry*, ___ S.W.3d ___, Nos. WR-61,939-01 and -02 (Tex. Crim. App. Feb. 25, 2015).

On March 25, 2015, counsel for Dow filed in this Court a document entitled a

"Motion for Leave to File and Emergency Motion to Stay Enforcement." In this document, counsel notes that Dow is appointed to represent Robert Pruett, a Texas death-sentenced inmate, in federal court. Further, Pruett is scheduled for execution on April 28, 2015. Counsel argues that Dow is obligated under 18 U.S.C. § 3599 to return to this Court to seek relief for Pruett should further state court litigation become necessary. Counsel further argues that requiring Dow to first obtain leave of this Court before pursuing relief imposes an additional burden on Dow and an unacceptable risk to Pruett. Counsel also asserts that Dow's suspension is unlawful and wholly disproportionate to the violation. Thus, counsel asserts, this Court should stay enforcement of its order suspending Dow from practicing before it, without leave, for one year. Counsel argues that by the Court's order, Dow's suspension was intended only as a "'sanction' [and] not a unilateral suspension from the practice of law." But, counsel contends, it has interfered with Dow's duties under federal law and could potentially result in irreparable harm to his clients.

By this Court's order, Dow was suspended from practicing before *this* Court for a period of one year, without first obtaining leave to file or appear. We did not suspend Dow's license or otherwise prohibit him from practicing before any other court, state or federal. Just as the federal courts require attorneys to be admitted to practice or obtain membership before being allowed to litigate before a particular court, Dow must now obtain leave to file or appear in this Court for a period of time on any case because of his

failure to comply with the rules of this Court. Accordingly, we deny the motion to stay the enforcement of our sanction.

Robert Lynn Pruett is scheduled for execution on April 28, 2015. On March 26, 2015, counsel for Dow filed in this Court a "Motion for Leave to File Petition for Writ of Prohibition." The actual petition for a writ of prohibition is attached to the pleading as Exhibit 1. Dow has been representing Pruett in federal court for an extended period of time. In response to the requirement that he provide this Court with a list of his pending cases, Dow filed a list of five cases for which he is the counsel of record in state court, including Pruett's case. Accordingly, we will grant the motion for leave to file and allow Dow to appear before this Court with regard to the petition for writ of prohibition submitted on Pruett's behalf. Because what appears to be the complete Petition for Writ of Prohibition is attached to the motion currently filed, we will also file that pleading under the same cause number WR-62,099-03. However, the motion for leave to file currently before us shall not be construed to be a motion for leave to file as is required under Texas Rule of Appellate Procedure 72.1. Therefore, we also grant Dow until 5:00 p.m. on April 8, 2015, to file a Rule 72.1 motion for leave to file and any amended Petition for Writ of Prohibition he may need to file on Pruett's behalf. After that time runs, the Court will consider the petition before it.

IT IS SO ORDERED THIS THE 1ST DAY OF APRIL, 2015.

Do Not Publish